# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  14-CV-02530-WJM-CBS

VALENTINA CARRION and ARMANDO CARRION,
    Plaintiffs,

v.

AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, A MEMBER OF THE AMERICAN FAMILY INSURANCE GROUP, DBA AMERICAN FAMILY INSURANCE
    Defendants.

_____

### ~~STIPULATED MOTION FOR~~ PROTECTIVE ORDER
_____

The Parties, by and through their respective counsel, stipulate and agree to the entry of the following protective order and move the Court to approve and order the protection sought herein as follows:

Defendant requests an order protecting the confidentiality of certain documents, materials and other information that may be disclosed to Plaintiffs in this case. Defendant agrees that the "Confidential" materials may be used in this litigation but assert that "Confidential" materials contain and are defined as containing proprietary, confidential, completely sensitive and/or trade secret information. Defendant has requested that this Court enter an order to protect the confidentiality of documents.

Rule 26(c) F. R. C. P. provides that upon motion by a party and for good cause shown a court may make any order which justice requires to protect a party. When

determining whether good cause exists for issuance of a protective order in a particular case, the trial court must balance the competing interests that would be served by granting or denying discovery, including a party's need for the information against the injury which might result from unrestricted disclosure. Here, the interests of both parties can be served by issuing a protective order to protect the confidentiality of materials while at the same time allowing the Plaintiffs access to the materials for use in this litigation.

THE COURT HEREBY ORDERS:

That the Stipulated Motion for Protective Order is granted. Defendant is ordered to mark any materials it asserts to be "Confidential" prior to production to Plaintiffs. In marking such materials as "Confidential", the designating party asserts that it has a good faith factual and legal basis for asserting a privilege or exemption from public disclosure, and that counsel of record for the designating party has made a bona fide determination that the document is in fact "Confidential" as that term is defined above. The burden of proving that "Confidential" material has been properly designated as "Confidential" is on the party designating the material, and nothing in this Protective Order shall in any manner alter or shift the burdens of production and persuasion as they apply to the assertion of privileges or exemptions from public disclosure or any claim or affirmative defense in this matter. If Plaintiffs disagree with the designation of material as "Confidential", Plaintiffs shall notify Defendant in writing. If, after appropriate conferral, the parties cannot resolve the disagreement, Defendant agrees to contact the Court to set a hearing within 14 days from the date of conferral to seek a determination of the issue.

It is further ordered that this protective order will cover all other internal documents produced by Defendant that Defendant asserts contain "Confidential" material. All such documents designated by Defendant as "Confidential" will be covered by this protective order.  However, this Protective Order will expressly not include any documents that are publicly available, that Plaintiffs obtain from means other than through disclosure by or discovery from Defendant in this case.  If Plaintiffs object to Defendant's designation of documents, testimony or other materials or information as "Confidential", Plaintiffs will continue to treat any such "Confidential" documents as subject to this Protective Order until such time as the Court issues a final determination that the document is or is not protected pursuant to the Protective Order.

In the case of a deposition or oral examination, counsel for the producing party may, during the deposition, designate on the record that testimony involving "Confidential" material be held as "Confidential," and the entire deposition transcript will be treated as "Confidential" until counsel for the producing party receives a transcript of the deposition and designates specific page and line portions of the testimony.  In the event the producing party's counsel during the deposition does not designate on the record that testimony involving "Confidential" material be held as "Confidential," the producing party does not waive its right to designate the deposition testimony or any parts thereof as "Confidential" upon receipt of the deposition transcript.  After receipt of the final deposition transcript, the producing party shall identify by page and line the portion of the material that the producing party intends to designate as "Confidential" in a written letter served to all counsel of record within 30 days after the producing party's receipt of the written deposition transcript from the court reporter.  Only the portions of

the deposition transcript designated by the producing party during this time period shall remain "Confidential."

THE COURT FURTHER ORDERS:

1.   That Plaintiffs and their attorneys protect the documents from disclosure, dissemination and publication to anyone except the Court and all Court personnel, the named parties in this case, retained attorneys in this case, and such personnel and staff of counsel, including Plaintiffs' experts, and witnesses and the jury in this case at trial as is necessary for the conduct of this case only;

2.   That the documents may not be used for any purpose other than the prosecution or defense of this action.

3.   Plaintiffs assert that, notwithstanding the terms of this protective order, Plaintiffs' counsel should be permitted to retain the materials for use in future litigation against Defendant, subject to continuing jurisdiction of this Court for the enforcement of this order.  *Although these terms are not a part of this protective order*, Plaintiffs reserve the right to seek future modification of this order to incorporate such terms.  Defendant does not object to Plaintiffs request to reserve the right to seek future modification of this order, although Defendant reserves its right to object to such modification.

4.   That other than the Court and Court Personnel, no copies, duplications or reproductions of "Confidential" documents shall be provided to any of the individuals in paragraph 1 above without first obtaining a signed Agreement of Confidentiality (Appendix

A) from such person, agreeing to hold all such materials in confidence and agreeing to the terms and conditions set forth in this Protective Order;

5.   If any "Confidential" material is filed with this Court, including any pleading incorporating "Confidential" material, the portion of such filing containing "Confidential" material shall be filed in a sealed envelope on which the following legend shall prominently appear:

> <u>Valentina Carrion and Armando Carrion v. American Standard Insurance Co. of Wisconsin</u>
> U.S. District Court for the District of Colorado
> Civil Action No. 14-CV-02530-WJM-CBS
>
> **<u>CONFIDENTIAL - This envelope contains documents or other material filed by the parties in this matter. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.</u>**

Such filing shall be made in accordance with the provisions of D.C.Colo.LCivR 7.2. The filing party shall identify the confidential business, financial, proprietary, and/or commercially sensitive interests of the party or non-parties sought to be protected and request that the Court restrict public access to CONFIDENTIAL MATERIAL to "Level 1 Access" (limited to the parties and the Court) pursuant to D.C.Colo.LCivR 7.2(b).

Nothing in this Protective Order shall control the use of exhibits or testimony at trial. If either party wishes to obtain an Order closing the Court to the public or sealing the trial record, a motion seeking such shall be filed no later than thirty (30) days before trial.

All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose "Confidential" material shall be filed under motion to restrict public access pursuant to D.C.Colo.LCivR

7.2, and such documents shall not be publicly available, except by further order of this Court.

6.      Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall deliver to counsel for the producing party written confirmation that all "Confidential" material has been destroyed (except as noted in paragraph 3 above).

It is the responsibility of any party receiving "Confidential" material to verify that material provided by that party to any of the persons identified in paragraph 1 above, has been destroyed.

7.      That this Protective Order survives this case for the purpose of enforcement; and

8.      That this Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Respectfully submitted this 8th day of December, 2014.

CAMPBELL LATIOLAIS & AVERBACH, LLC        TAUSSIG & TAUSSIG, P.C.

 s/ Rebecca K. Wagner                                              s/ Scott D. Smith
_____        _____
Rebecca K. Wagner, Esq.                                  Scott D. Smith, Esq.
825 Logan Street                                                  5377 Manhattan Circle, Suite 203
Denver, CO 80203                                               Boulder, CO  80303
(303) 831-5990                                                    (303) 443-2700

4816-7464-3731.1

SO ORDERED this __16th__ day of December, 2014 by:

_____
~~Magistrate Schaffer~~

Craig B. Shaffer
United States Magistrate Judge

4816-7464-3731.1

Appendix A

Carrion v. American Family Mutual Insurance Company
United States District Court for the District of Colorado
Case Number: 14-CV-02530-WJM-CBS

**AGREEMENT OF CONFIDENTIALITY**

1.     My full name is: _____

2.     My address is: _____

3.     My present employer is: _____

4.     My present occupation or job description is: _____

5.     I have received a copy of the Protective Order entered in this case. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6.     I will not disclose any documents covered by the Protective Order except to the attorneys of record in this case and their staff. I will use any such information only with respect to this case.

7.     I will return all documents covered by the Protective Order that come into my possession and all documents or things which I have prepared which contain reference to such information to any attorney representing the party that has employed or retained me at the conclusion of this case.

8.     I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

            DATED this _____ day of _____ , 2015

                                                _____