IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action: 14-cv-02530-WJM-CBS          Date:  January 20, 2016
Courtroom Deputy: Amanda Montoya          FTR – Reporter Deck-Courtroom A402

*Parties:*                                *Counsel:*

VALENTINA CARRION, *et al.*,              John Taussig
                                          Scott Smith

Plaintiff,

v.

AMERICAN STANDARD INSURANCE               Rebecca Wagner
COMPANY OF WISCONSIN,                     Ian Mitchell

Defendant.

---

## COURTROOM MINUTES/MINUTE ORDER

---

**HEARING: MOTION HEARING**
**Court in session: 10:02 a.m.**
Court calls case.  Appearances of counsel.  Sandy Eloranto, Dr. Reiss' personal attorney, is present.

This hearing comes before the court in regards to *[61] Integrated Medical Evaluations, Inc. and Certified Medical Consultants, Inc.'s Motion to Quash Subpoenas to Produce Documents.*  Dr. Reiss' deposition is set for January 25, 2016.

Plaintiff's counsel asks to modify the subpoenas to only include 1099 payments made to Dr. Reiss from 2007-present.  Mr. Mitchell asks that new subpoenas be served with these limitations.  Plaintiff's counsel withdraws the current subpoenas and will re-serve them.  Mr. Mitchell agrees to waive the 11 day period under the Local Rules.

**ORDERED:**          The subpoenas in regards to *[61] Integrated Medical Evaluations, Inc. and Certified Medical Consultants, Inc.'s Motion to Quash Subpoenas to Produce Documents* are **WITHDRAWN** and the motion is **MOOT.**

The requested 1099's will be produced pursuant to the following conditions that the court is imposing from the bench pursuant to the court's authority under Fed.R.Civ.P. Rule 26(c):  The court finds that Dr. Reiss has a privacy interest in the

1099's and the reflected payments.  In order to ensure that Dr. Reiss' privacy interests are respected and protected, it is REQUIRED that Integrated Medical Evaluations and Certified Medical Consultants stamp these documents with "attorneys' eyes only".  The documents will be produced to Plaintiff's counsel on an attorneys' eyes only basis.  These documents may not be shown to anyone other than Plaintiff's counsel and staff members in their office, without expressed permission from the court.  The only exception to the expressed permission requirement, is that the documents may be used at Dr. Reiss' deposition.  To the extent that they are marked as exhibits at Dr. Reiss' deposition, those pages of the deposition transcript where the exhibits are used and discussed, must also be stamped "attorneys' eyes only" and will be subject to the same restriction.  Those deposition pages may not be used for any purpose without the court's permission.  This protective order only applies to the discovery process.  Judge Martinez will ultimately decide if these documents may be used at trial.  Integrated and Certified must provide these documents within 48 hours of today's date.  Integrated's production may not be shared with Certified or any employee, agent, or representative of Certified.  Similarly, Certified's production may not be shared with Integrated or any employee, agent, or representative of Certified.

Discussion regarding Corvell needing to comply with the court's imposed protective order.  This protective order does not apply to Corvell.  Plaintiff's counsel shall discuss narrowing the subpoena served on Corvell.

**ORDERED:**     A Telephone Status Conference is set for **January 29, 2016 at 8:30 a.m.** to discuss any updates from Dr. Reiss' deposition and to re-schedule the Final Pretrial Conference.  Parties participating in the hearing shall initiate a conference call among themselves and call the court (303.844.2117) at the scheduled time.

The Final Pretrial Conference set for **January 26, 2016** is VACATED.

HEARING CONCLUDED.

**Court in recess: 11:30 a.m.**
Total time in court: 01:28

To order transcripts of hearings please contact Stevens-Koenig Reporting at (303) 988-8470.